**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE RUSTY HAYNES,**<br><br>    Debtor, | |
| **RUSTY HAYNES, Debtor and Plaintiff on behalf of himself and all others similarly situated,**<br><br>v.<br><br>**CHASE BANK USA, NATIONAL ASSOCIATION** | **CHAPTER 7**<br>**INDEX NO. 11-23212 (RDD)** |

**AMENDED CLASS ACTION ADVERSARY COMPLAINT**

1.   Plaintiff, Rusty Haynes, on behalf of himself and all others similarly situated, brings this consolidated Complaint, by and through his attorneys, for declaratory judgment, injunctive relief and damages arising out of the Defendant's systematic practice of violating the discharge injunction under Section 524(a)(2) of the Bankruptcy Code, 11 U.S.C. Sections 101 *et seq.* by selling and attempting to collect discharged debts and by failing to update and correct credit information to credit reporting agencies to show that such debts are no longer due and owing because they have been discharged in bankruptcy.

**JURISDICTION AND VENUE**

2.   This Court has original jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. §

157.   This is a core proceeding as defined in U.S.C. § 157(b)(2)(A) and (O).

3.   Venue is properly in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2), as Defendant resides in this District within the meaning of § 1391(c)(2), Plaintiff resides in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

4.   Plaintiff Rusty Haynes resides at 25 Farley Drive  West Haverstraw, Rockland County, New York.

5.   Upon information and belief, Chase Bank USA, National Association ("Chase") is a banking association existing under the laws of the United States with a place of business in Newark, Delaware and engages in continuous business within the State of New York.

## FACTS APPLICABLE TO THE CLASS

6.   Plaintiff is among many thousands of persons in the United States who have filed bankruptcies pursuant to Chapter 7 of the U.S. Bankruptcy Code and who have been granted orders of discharge by a U.S. Bankruptcy Court.  Under federal bankruptcy laws, such an order fully and completely discharges all statutorily dischargeable debts incurred prior to the filing of bankruptcies, except for those that have been: (1) reaffirmed by the debtor in a reaffirmation agreement; or (2) successfully challenged as non-dischargeable by one of the creditors in a related adversary proceeding.  Plaintiff and the Class Members are persons for whom the debts at issue herein have been discharged through bankruptcy.

7. Chase is a creditor regularly engaged in the business of extending credit to Plaintiff and other members of the Class.

8. In the ordinary course of business, Chase's debtors who are enduring financial hardship fall behind on their payments on Chase credit accounts. Prior to the filing of any personal bankruptcies, Chase, its collection agencies and delinquent debt companies that purchase Chase's debt, act to collect these past due debts by threatening in dunning letters to place a "charge off" or other similar "past due" notations on the debtors' credit reports. Said letters threaten to ruin the debtors' credit unless they pay the past due debt. Chase, its debt collectors and delinquent debt companies that purchase Chase's debt also act to collect these past due debts by promising in dunning letters to remove the "charge off" or other "past due" notations on the debtors' credit reports to show that the past due debts have been paid if the debts are paid.

9. In the ordinary course of business, Chase issues reports to credit reporting agencies as to the current status of debts incurred by individuals whom Chase has extended credit. It is also an entity which regularly and, in the ordinary course of business, furnishes information to one or more credit reporting agencies about its transactions and experiences with consumers.

10. Chase has knowledge of when its past due debts are discharged because it receives a discharge notice from the U.S. Bankruptcy Court. It therefore has the duty under the discharge injunction under Section 524(a)(2) of the Bankruptcy Code to promptly notify credit reporting agencies of any corrections to the information previously provided to such agencies and/or any additional information that is necessary to make the information provided by Chase

3

to the agencies complete and accurate. Chase also has a duty under the Fair Credit Reporting Act to promptly notify credit reporting agencies of any corrections to the information previously provided to such agencies and/or any additional information that is necessary to make the information provided by Chase to the agencies complete and accurate. 15 U.S.C. § 1681s-2(a)(2).

11. Despite the fact that Chase has received notice of the discharge of each Class Member's debt to Chase, Chase has a deliberate policy of not notifying credit reporting agencies that debts formerly owing to Chase are no longer "charged off" or currently still due and owing because they have been discharged in bankruptcy. As result of Chase's refusal to make such updates to credit reporting agencies, debts that have been discharged in bankruptcy are listed on Class Members' credit reports as "past due" and/or "charged off." These notations clearly indicate to potential creditors, employers, or other third parties that a Class Member still owes a debt and that debt may be subject to collection. These notations therefore adversely affect a Class Member's ability to obtain credit or employment and have the inherent coercive effect of inducing Class Members to make payment on the debt.

12. Many debtors whose debts have been discharged in bankruptcy have advised Chase of its failure to update the information on their credit reports to show that their debts have been discharged to bankruptcy. Said debtors have requested that Chase remove the past due notations from their credit reports. Chase has refused to do so. On information and belief, Chase has a deliberate policy of refusing the debtors' requests to remove "charge offs" and other similar "past due" notations from the Chase debts that were sold prior to the filing of the bankruptcy from the debtors' credit reports. As a result, the credit reports of these individuals and of all Class Members incorrectly show their indebtedness to Chase to be collectible.

13. Upon information and belief, even in response to notices made pursuant to the Fair Credit Reporting Act, § 1681(i)(a)(2), from Class Members that information contained in their credit reports was inaccurate, Chase has refused to correct erroneous credit information despite its affirmative duty to do so under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

14. Upon information and belief, Chase also received requests from time to time from the credit reporting agencies that Chase verify that the debt owed by Plaintiff and Class Members were discharged in bankruptcy to which Chase responded to the debts were still due and owing, despite Chase's knowledge that such debts have in fact been discharged in bankruptcy.

15. Chase knew that the existence of such inaccurate information in the Class Members' credit reports would damage the Class Members' credit ratings and their ability to obtain new credit, a lease, a mortgage or employment, all of which may be essential to reestablishing their life after going through bankruptcy.

16. Chase has chosen not to advise the credit reporting agencies of the fact that the Class Members' debts have been discharged because Chase continues to receive payment either directly or indirectly on discharged debts. This results from the fact that Class Members, in order to obtain favorable credit or credit at all, often feel it necessary to pay off the debt despite its discharge in order to remove the inaccurate information from their credit reports.

17. This belief is intentionally reinforced by Chase itself when Class Members contact Chase asking Chase to correct the erroneous credit information. Not only does Chase refuse to make such correction, but it advises Class Members that, so long as the discharged

5

debt remains unpaid, the charge off will remain on their credit report for at least seven years. Thus, when a Class Member needs to rent a car, obtain employment or rent an apartment, or other similar transactions, and they are advised by Chase that it will not remove the erroneous information unless they pay the debt, Class Members often pay that debt despite the fact that it has been discharged in bankruptcy. Thus, Chase knows that it is obtaining repayment on debts that have been discharged in bankruptcy.

18. Class Members often believe that they must pay the debt in order to remove it from the credit reports because they are often advised prior to bankruptcy by Chase and collection agencies that, if their debt is marked as charged off, it will dramatically affect their credit rating and will severely impact their ability to receive credit in the future.

19. Chase has adopted a pattern and practice of failing and refusing to update credit information with regard to debts discharged in bankruptcy because it sells those debts and profits by the sale. Chase knows that if the credit information is not updated many Class Members will feel compelled to pay off the debt even though it is discharged in bankruptcy. Thus, buyers of Chase debt know, and are willing to pay more for the fact that, they will be able to collect portions of Chase debt despite the discharge of that debt in bankruptcy.

20. Upon information and belief, Chase receives a percentage fee of the proceeds of each debt repaid to Chase and forwarded to the buyer of Chase debt. Chase therefore has a clear economic incentive to violate the discharge injunction of § 524(a)(2).

21. In addition, Chase is on notice that this Court and others have found that Chase's conduct is likely in violation of § 524(a)(2). *See Torres v. Chase Bank USA, N.A.*, 367 B.R. 478 (Bank.S.D.N.Y. 2007); *In Re Odenthal*, Case No. 11-23747 (RDD) (Bank. S.D.N.Y.) Doc. No.

6

30 (April 4, 2013); *In Re Russell*, 378 B.R. 735 (Bank. E.D.N.Y. 2007). Despite this notice, Chase has willfully, recklessly or negligently failed to correct its practice of failing to update credit information of Class Members to show that debts have been discharged in bankruptcy.

22. Chase's actions constitute a violation of 11 U.S.C. § 524(a)(2), which provides that a discharge in bankruptcy operates as an injunction against the commencement or continuation of an action, the employment or process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor.

23. Chase's conduct is in bad faith, is vexatious and oppressive and is done with full knowledge that it is in violation of the law.

24. Chase's persistent refusal to provide updated credit information to the credit reporting agencies that Class Members' past due Chase debts are no longer "charged off" or "past due" because they have been discharged in bankruptcy is knowing and willful and constitutes a contempt of the statutory injunction of § 524(a)(2).

## SPECIFIC ALLEGATIONS AS TO PLAINTIFF/DEBTOR RUSTY HAYNES

25. On June 20, 2011, Plaintiff/Debtor Haynes ("Haynes") commenced this case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the U.S. Code.

26. On or about September 28, 2011, this Court entered an Order captioned "discharge of debtor order of final decree." On that same date, this Court notified Chase of the discharge of Haynes's debt to Chase.

27. Despite the fact that this debt was discharged, from September 26, 2011 until July 8, 2013, Chase took no action to correct the records of the credit reporting agencies that listed Haynes's former debt to Chase as "charged off."

28. On December 10, 2011, Haynes obtained his Trans Union and Equifax credit reports, which showed the words "charged off" next to the discharged Chase account at issue in the current status of the credit reports. Neither credit reports showed any indication that the account had been "included in bankruptcy." The Chase account in question was not subject to a reaffirmation agreement with Chase or an adversary proceeding brought by Chase. In all material respects, Mr. Haynes' charged-off account is an example of an incorrect notation on his credit report that is suffered by all the Class Members.

29. On April 16, 2013, Haynes called Chase and requested that Chase remove the charge off notation next to his Chase account because it was discharged in bankruptcy. Despite Haynes's request, Chase refused to remove the charged off notation. Chase's refusal to remove the charged-off notation is a part of Chase's pattern and deliberate practice of not updating Class Members credit reports and refusing all requests to do so. These acts coerce payment of the discharged debt and, therefore, constitute acts to collect a debt prohibited by the discharged injunction.

30. On or about July 8, 2013, after this Court issued its strong opinion in *Matter of Odenthal*, Case No. 11-23747 (RDD), Chase finally requested that the credit reporting agencies delete and suppress the former Chase debt on Haynes's record. Upon information and belief, however, Chase has continued to refuse to remove the "charge off" notations on the accounts of thousands of other individuals whose debts to Chase have been discharged in bankruptcy.

31. Chase did not advise Haynes that Chase had requested that his credit record be updated or revised until Haynes brought a motion to reopen this proceeding on September 12, 2013.

## CLASS ALLEGATIONS

32. Plaintiff seeks to maintain this action as a class action representing a class consisting of the following:

> All individuals who, after May 3, 2007, have had a consumer credit report relating to them prepared by any of the credit reporting agencies in which one or more of their Chase Tradeline accounts or debts was not reported as discharged despite the fact that such debts had been discharged as a result of their bankruptcy under Chapter 7 of the Bankruptcy Code.

33. <u>Assertainability / Numerosity</u>:  This Class is ascertainable in that it is comprised of individuals who can be identified by reference to purely objective criteria contained in the records of Chase and the various credit reporting agencies.  On information and belief, there are many thousands of members of the Class, and therefore would be impractical to bring all or even a substantial portion of such persons before this Court as individual plaintiffs.

34. <u>Typicality</u>:  The claims of the named Plaintiff are typical of the claims of each member of the Class they seek to represent because: (1) they all had debts owed to Chase that were discharged in Chapter 7 bankruptcy; (2) they have all been injured by Chase's refusal to remove the notation "charged off" or "past due/charged off" or similar notations despite the fact that the debts have been discharged in bankruptcy; and (3) each of their claims is based upon the

9

same legal theory, *i.e.*, that Chase has violated the injunction contained in § 524(a)(2).

35.    <u>Adequacy of Representation</u>:  Plaintiff is an adequate representative of the Class he seeks to represent because:  (a) he is willing and able to represent the proposed class and has every incentive to pursue this action to a successful conclusion; (b) his interest is not in any way antagonistic to those of the other Class Members; and (c) he is represented by counsel experienced in litigating significant bankruptcy issues, including the issues specifically raised in this action, and who has represented literally hundreds of individuals who have experienced similar failures by Chase and other institutions to comply with the injunction of § 524(a)(2).

36.    <u>Commonality</u>:  There are several questions of law and fact common to all members of the Class.  The primary question of law and fact that is common to all members of the class is whether Chase, in failing and/or refusing to update and correct the credit reports of Class Members, has acted knowingly and willfully in violation of § 524(a)(2).

37.    <u>Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(2) and Bankruptcy Rule 7023</u>:  Class certification of all of Plaintiff's claims is appropriate under Fed. R. Civ. P. 23(b)(2) and Bankruptcy Rule 7023 because Chase has acted and/or refused to act on grounds generally applicable to the entire class, thereby making declaratory and final injunctive relief appropriate.  Such generally applicable grounds consist of Chase's conduct in failing and refusing to update and correct the current reports of Class Members to properly designate that the Class Members' debts have been discharged in bankruptcy pursuant to the order of this in similar courts.

38.    <u>Propriety of Class Certification Under Fed. R. Civ. P. 23(b)(3) and Rule 7023</u>:  Class certification of the Plaintiff's claims for willful failure to update or correct the credit

10

reports of Class Members in violation of § 524(a)(2), is appropriate under Fed. R. Civ. P. 23(b)(3) and Bankruptcy Rule 7023.  The common question of law and fact relating to Plaintiff's claims predominate over any questions affecting only individual Members of the Class.  Moreover, the class action vehicle is superior to other available methods for the fair and efficient adjudication of these claims.  For the overwhelming majority of Members of the Class, the amount of any potential recovery is too small to justify the cost of prosecuting each claim individually.  Moreover, Chase's violation of the injunction of § 524(a)(2) is widespread and literally nationwide.  Further, requiring each Class Member to pursue his or her claim individually would entail needless duplication of effort, would waste the resources of both the parties and the Court, and would risk inconsistent adjudications.

## FIRST CAUSE OF ACTION

### Failure To Abide By the Injunction Contained In § 524(a)(2)
### (On Behalf of Plaintiff and All Class Members)

39. The allegations set forth in paragraphs 1- 39 are realleged and incorporated by reference as if fully set forth herein.  By knowingly and willfully failing to update the credit reports of Class Members to signify the debts owing to Chase have been discharged in bankruptcy Chase has violated § 524(a)(2) and is in contempt of this Court.

40. Both pursuant to its inherent authority and pursuant to § 105 of the Bankruptcy Code, this Court may award appropriate declaratory and injunctive relief and award compensatory and punitive damages, attorney's fees and costs for Defendant's violation of § 524(a)(2).

**WHEREFORE**, Plaintiff respectfully prays:

1. That the practices of Chase be declared to be in violation of the rights of Plaintiff and Class Members under the Bankruptcy Code and a contempt of the statutory injunction set forth in § 524(a)(2);

2. That a permanent injunction be entered requiring Chase to immediately correct and update the credit reporting records of all Class Members by removing any negative notations such as "charge off", "past due", "late" or any other notations that indicate that the discharged Chase accounts have a current status of being still due and owing and update all such records on a permanent basis.

3. That the Court enter an Order certifying all the claims of the Class alleged herein pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) and Bankruptcy Rule 7023 for willful violation of the injunction set forth in § 524(a)(2).

4. That this Court order that Chase be held in contempt of court for its willful violation of the injunction set forth in § 524(a)(2), and that it be assessed damages, fines, penalties and punitive damages in amounts to be determined by the Court.

5. That Chase be ordered to disgorge and pay to the individual Class Members all funds received by Chase or by any purchasers of Chase debt on debts that were discharged in bankruptcy or were the subject of a bankruptcy proceeding before such payment was made by the Class Members.

6. That this Court award Plaintiff and the Class the costs of this action together with reasonable attorney's fees as the Court may determine.

7. That the Plaintiff and Class Members be awarded such other and further relief as may be found appropriate and as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 28, Plaintiff hereby demands a trial by jury on all issues so triable if this Court determines that any issue in this matter is appropriate for a jury trial.

DATED:  December 31, 2013        Respectfully submitted,

              **CHARLES W. JUNTIKKA**

         By: /s/Charles W. Juntikka
            Charles W. Juntikka
            (charles@jcalaw.com)
            CHARLES JUNTIKKA & ASSOCIATES LLP
            350 Fifth Avenue-Suite 4610
            New York, NY  10001
            Telephone:  (212) 315-3755