**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Rusty Haynes,<br>                            Debtor. | Chapter 7<br><br>Case No. 11-23212 (RDD) |
| Rusty Haynes, Individually and On Behalf<br>Of All Others Similarly Situated,<br>                            Plaintiffs,<br>    v.<br>Chase Bank USA, N.A.,<br>                            Defendant. | Adv. Pro. No. 13-08370 (RDD) |

**STIPULATED PROTECTIVE ORDER**

The parties have informed the Court that certain documents and information have been and may be sought, produced, or exhibited by and between the parties in the above-captioned proceeding (the "Proceeding") and that some of these documents relate to the parties' and third parties' financial information, competitive information, or other types of sensitive information which the party making the production deems confidential. It has been agreed by the parties to this Proceeding, through their respective counsel, that to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, a protective order should be entered by the Court. The Court has reviewed the terms and conditions of this Protective Order. Based on the parties' submissions, it is hereby ORDERED that:

1. **Scope**

    a.    This Order shall govern all documents, the information contained therein, and all other information disclosed or produced during this Proceeding whether revealed in a document, deposition, other testimony, discovery response, or settlement discussions, by any party, including any third party, in this Proceeding (the "Producing Party") to any other party, including

any third party (the "Receiving Party"), when same is designated as "Confidential" in accordance with the procedures set forth herein. This Order is binding upon the parties to this Proceeding, including their respective corporate parents, subsidiaries, and affiliates as well as their respective attorneys, agents, representatives, officers, and employees and others as set forth in this Order. This Order is also binding on and applies to all third parties who either produce or receive documents or information in connection with this Proceeding.

  b. Under this Order, any Producing Party shall have the right to identify and designate as "Confidential" any document or other information it produces or provides, or any testimony given in this Proceeding, which testimony or discovery material is reasonably believed in good faith by that Producing Party, and by the Producing Party's counsel, to constitute, reflect, or disclose Confidential Information.

  c. "Confidential Information" as used herein means any material that is designated pursuant to this Protective Order as "Confidential" by the Producing Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer, or information otherwise revealed. Confidential Information is material that contains or discloses information subject to protection under Rule 26 of the Federal Rules of Civil Procedure and applicable case law.

  d. A party may designate as "Confidential" information in the possession of and supplied by a third party if the information was transmitted to the third party under an agreement or an obligation that it would remain confidential and the information otherwise complies with Paragraph 1(c).

  e. All properly designated "Confidential" documents and other materials produced in this Proceeding shall be used only for purposes of this Proceeding and strictly in accordance

2

with the terms of this Order. At no time shall the Confidential Information be disclosed to or used by any person, corporation, or entity in competition with or against any of the parties to this Proceeding.

**2.     Designation of Confidentiality**

Documents or information may be designated as "Confidential" within the meaning of this Order in the following ways:

a.     Specific documents produced by a Producing Party shall, if appropriate, be designated as "Confidential" by marking the first page of the document and each subsequent page thereof containing Confidential Information with the legend:  "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied and produced.  A presumption of confidentiality remains in place for 30 days until the confidentiality designation is completed.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."  After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" legend on each page that contains Confidential Information.  If only a portion or portions of the material qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b. In the case of interrogatory answers and responses to requests for admissions, if appropriate, designation of Confidential Information shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "CONFIDENTIAL." The following legend shall be placed on each page of interrogatory answers or responses to requests for admission containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION."

c. In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from such counsel within ten (10) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Confidential under this Order until the expiration of the above-referenced ten-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition at any time. After the expiration of the ten-day period, the following legend shall be conspicuously placed on the front and back of any original deposition transcript, and on each copy thereof, which contains Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION." If portions of a videotaped deposition are designated as "CONFIDENTIAL," the videocassette or other videotape container shall be labeled with the same legend provided for in Paragraph 2(a).

d. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is

4

produced by any party in such form, the Producing Party may designate such matter as "CONFIDENTIAL" by cover letter referring generally to such matter or by affixing to such media a label with the legend provided for in Paragraph 2(a). Whenever any party to whom Computerized Material designated as "CONFIDENTIAL" is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend provided for in Paragraph 2(a).

e. To the extent that any party or counsel for any party creates, develops, or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database, or program information designated CONFIDENTIAL, that party and/or its counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information, and will affix to any media containing such information a label with the legend provided for in Paragraph 2(a).

f. Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential and may be disclosed only in accordance with this Order. In the event the Parties intend to file Confidential Information with the Court, they shall file it under seal pursuant to the requirements of the Court for filing documents under seal. Each party shall use its best efforts to minimize filings that necessitate the filing of documents and materials designated Confidential under seal. No party or other person may have access to any sealed document from the files of the Court without an order of the Court after giving notice to the parties. This provision does not relieve the filing party of serving the document on other parties in accordance with ordinary procedures established by the civil and local rules or Court order. Regardless of any provision in this Order to the contrary, a

party does not have to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party.

**3.     Disclosure of Confidential Information**

a.     The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to and distribution of information designated "CONFIDENTIAL" pursuant to this Order.

b.     Subject to Paragraph 6, access to information designated "CONFIDENTIAL" pursuant to this Order shall be limited to the following persons:

> i.     The parties, including outside and in-house counsel for the parties, as well as members and employees of their firms including but not limited to their paralegals, investigative, secretarial, and clerical personnel who are employed by and engaged in assisting such counsel in this Proceeding.
>
> ii.    Outside photocopying, data processing, or graphic production services employed by the parties or their counsel to assist in this Proceeding.
>
> iii.   Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained, or sought to be retained, by counsel for a party in this Proceeding, for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel in good faith has deemed disclosure of such "CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding. This Paragraph shall not relieve, change, or otherwise affect any obligations or limitations imposed on any person by contract or law

        regarding the disclosure or use of trade secrets or other confidential or proprietary information.

  iv.    Directors, officers, employees, or other representatives of a party or its corporate parent whose review of the specific Confidential Information is reasonably necessary to assist in the prosecution or defense of this Proceeding. However, a party that originally designated information as "CONFIDENTIAL" may reveal such information to any of its own directors, officers, employees, or other representatives.

  v.    Any fact witness, at the witness' deposition in this Proceeding, but only if counsel who discloses "CONFIDENTIAL" information to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Proceeding.

  vi.    Any person (a) who was involved in the preparation of the document or other tangible medium containing the Confidential Information and/or who is shown on the face of "CONFIDENTIAL" material to have authored or received the "CONFIDENTIAL" material sought to be disclosed to that person, or (b) who is specifically referenced by name and substantively discussed in the "CONFIDENTIAL" material, but only as to the specific material the person authored or received, or in which such person is referenced and discussed.

  vii.    This Court or any other Court exercising jurisdiction with respect to this Proceeding, Court personnel, jurors, and qualified persons (including necessary clerical personnel) recording, taking, or transcribing testimony

          or argument at any deposition, hearing, trial, or appeal in this Proceeding; and

viii. Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure, provided that the party seeking to make the disclosure must first submit a request, in writing or on the record, to the Producing Party explaining why the disclosure is necessary. If the Producing Party does not agree to allow the disclosure, the party seeking to make the disclosure may file a motion with the Court for approval to make the disclosure.

**4.    Notification of Protective Order**

Confidential Information shall not be disclosed to a person described in Paragraphs 3(b)(iii) and 3(b)(viii) unless and until such person has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A. The originals of an executed Agreement of Confidentiality shall be maintained by counsel for the party who obtained it until the final resolution of this Proceeding, and shall not be subject to discovery except upon motion on notice and a showing of good cause. This prohibition includes either direct or indirect disclosure, including but not limited to, any disclosure by counsel or experts.

**5.    Objections to Designations**

A party may, at any time, make a good faith challenge to the propriety of a Confidential Information designation. In the event a party objects in writing to the designation of any material under this Order, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the designating party, either party may apply

to the Court for a ruling regarding the designation. If such a motion is made, the designating party has the burden of establishing that the designation is proper. If no such motion is made within fifteen (15) days of the written objection to the designation, the material will lose its designation. If a timely motion is made, any documents or other materials that have been designated "CONFIDENTIAL" that are the subject of the motion shall be treated as Confidential until such time as the Court rules that such materials should not be treated as Confidential.

**6.    Preservation of Rights and Privileges**

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information other than on the basis that it has been designated Confidential, or of any right which any party may have to assert such privilege at any stage of this Proceeding.

**7.    Return or Destruction of Materials**

Upon written demand, but not sooner than thirty (30) business days after the final resolution of this Proceeding, all Confidential Information shall be returned to counsel for the party that produced it or shall be destroyed. As to those materials that contain or reflect Confidential Information, but that constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order. Such materials may not be used in connection with any other proceeding or action. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs,

9

other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Order and may not be used in connection with any other proceeding or action.

**8.     Inadvertent or Unintentional Disclosure**

      a.     Failure to designate discovery materials as "Confidential" shall not be deemed a waiver of the Producing Party's claim of confidentiality as to such material, and the Producing Party may thereafter designate such information as "Confidential."

      b.     Inadvertent production of material protected by any privilege, including but not limited to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege ("Privileged Material") shall not be deemed a waiver of any applicable privilege. In the event that the Producing Party discovers it has inadvertently produced Privileged Material, the Producing Party may demand return or destruction of all copies of the Privileged Material by providing written notice of the demand to the parties to which the Privileged Material was produced. A party receiving the notice shall have ten (10) business days to respond to the demand. If the party receiving notice does not agree to the demand within that time, that party shall provide a written response and available dates to hold a meet and confer session in anticipation of a motion to compel to be filed by the Producing Party. Any party receiving a demand to return Privileged Material shall segregate the Privileged Material and any materials derived from the Privileged Material, and shall not use or disclose them unless and until the Producing Party fails to timely file a motion to compel (according to the Federal Rules of Civil Procedure). A Producing Party's inadvertent failure to designate information as "Confidential" also does not waive a claim of attorney-client privilege, work-

10

product protection, or any other applicable privilege, as provided in Federal Rule of Evidence 502(b).

**9.     Unauthorized Disclosure of Confidential Information**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or person to whom unauthorized disclosures were made of all the terms of this Order and (d) request such person or persons to execute the Agreement of Confidentiality that is attached hereto as Exhibit A.

**10.    Other Provisions**

a.     The restrictions set forth in this Order shall not apply to documents or information designated Confidential that are publicly available or that are obtained independently and under rightful means by the Receiving Party, unless they became so due to a violation of this Order.

b.     If discovery material contains both Confidential Information and non-confidential information, the Receiving Party may make copies of the material that are redacted in such a manner as to completely remove the Confidential Information. Material so redacted is not subject to this Stipulation, notwithstanding that it may contain the appropriate legend designating it as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." Nothing in this Paragraph shall be a waiver of the "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" designation by the Producing Party for any Confidential Information that is redacted pursuant to this Paragraph. A Receiving Party who elects to redact Confidential Information pursuant to

11

this Paragraph shall do so in good faith, using reasonable care, and will be subject to any and all remedies available to the Producing Party for failing to completely and/or effectively redact Confidential Information, whether by inadvertence or otherwise.

      c.      A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

      d.      Any party or person in possession of Confidential Information who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards, or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information shall within five (5) days give written notice by electronic mail to counsel for the other party or person who produced the materials designated as Confidential. The written notice shall identify the materials sought and enclose a copy of the subpoena or other process, unless ordered otherwise by a court of competent jurisdiction. Nothing herein shall be construed to obligate the person subject to service or other process to make a motion or undertake other legal process, or to appear before any court or administrative body in opposition to a motion or other legal process seeking production of any Confidential materials, provided such person invokes, to the extent reasonably possible, the highest level of confidentiality available under applicable law, rule, regulation, court order, or other compulsory process, at the time of disclosure of such Confidential materials.

      e.      This Order shall apply to third parties who provide discovery, by deposition, production of documents or otherwise, in this Proceeding, if the third party requests, in writing,

the protection of this Order as to the third party's Confidential Information and complies with the provisions of this Order.

   f. Upon the final resolution of this Proceeding (including conclusion of any appeal), this Order shall remain in effect and continue to be binding, unless expressly modified, superseded, or terminated by consent of all parties or by Order of the Court after giving notice to the other party. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this Proceeding.

   g. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.

   h. The parties will consult with each other in advance of any court proceeding that may involve disclosure of any Confidential Information. If the parties are unable to reach an accord regarding the disclosure of such Confidential Information, either party, after giving notice to the other party, may apply to the Court for an appropriate ruling. This provision does not limit the right of any of the parties to submit any Confidential Information to the Court under seal as described in Paragraph 2(f). Notwithstanding anything herein, this Order shall not be construed to limit the ability of any party to this Proceeding to use Confidential Information for purposes of this Proceeding.

        i.      Until such time as this Order has been entered by the Court, the parties agree that, upon agreement by the parties to the terms of this Order, it will be treated as though it has been "So Ordered."

Dated: White Plains, New York
       April 1, 2014

          __/s/Robert D. Drain_____
          **Hon. Robert D. Drain**
          **United States Bankruptcy Judge**

Approved for Entry:

_____
George F. Carpinello
Adam R. Shaw
Boies Schiller & Flexner, LLP
30 South Pearl Street
Albany, NY 12207
(518) 434-0600

Charles W. Juntikka
Charles Juntikka & Assoc., LLP
350 Fifth Avenue, Suite 4610
New York, NY 10118
(212) 315-3755

*Counsel for Plaintiff Rusty Haynes*


_____
Jay M. Goffman
Mark A. McDermott
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Michael Y. Scudder, Jr.
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Deborah A. Reperowitz
Joshua A. Berman
Troutman Sanders LLP
405 Lexington Avenue
New York, New York 10174
(212) 704-6000

*Counsel for Defendant Chase Bank USA, N.A.*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Rusty Haynes,<br>　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 11-23212 (RDD) |
| Rusty Haynes, Individually and On Behalf<br>Of All Others Similarly Situated,<br>　　　　　　　　　Plaintiffs,<br>　　　v.<br>Chase Bank USA, N.A.,<br>　　　　　　　　　Defendant. | Adv. Pro. No. 13-08370 (RDD) |

## AGREEMENT OF CONFIDENTIALITY

1.　　My name is _____. I live at

_____.

I am employed as (state position) _____

by (state name and address of employer) _____.

2.　　I have read the Stipulated Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3.　　I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2014.

　　　　　　　　　　　　　　　　　by_____
　　　　　　　　　　　　　　　　　　　　(signature)